■ EDWIN MANIS, as Administrator of the Estate of FRANK MINUSKIN, Deceased, et al., Appellants, v. BEATRICE MILLER, as Executrix of LOUIS MILLER, Deceased, et al., Respondents.— Judgment in favor of plaintiff corporation unanimously modified, on the law and on the facts, to the extent of increasing the award in favor of the plaintiff corporation as against defendant-respondent Beatrice Miller, as executrix, from $1,000 to $7,000, and as modified affirmed, with costs and disbursements as against defendant Miller, as executrix, and without costs or disbursements against or in favor of the other defendants-respondents. Louis Miller, the dominant of two principals of a small paint contracting corporation, wrongfully appropriated certain corporate assets. At a reference directed by Special Term, the total value of such corporate assets was fixed by the Referee at $7,000. However, Special Term refused to confirm this finding except as to certain physical equipment of the corporation which the parties had stipulated was worth $1,000. No formal dissolution proceedings had been instituted or actual agreement of dissolution effected before or during the periods of time here involved. Defendant Miller's decedent, however, had complied with the provisions of a stockholders' agreement to the extent of sending a notice under the agreement. Upon plaintiff's decedent's refusal to buy out his shares pursuant to such notice, the agreement permitted defendant's decedent to dissolve the corporation "immediately to all intents and purposes" and to embark upon his own business in the same field. Special Term viewed this provision of the agreement as barring any award of damages based on future corporate earnings. Special Term's decision may have been correct had defendant's decedent opened up a new business of his own, adopted a new style, so advised former customers of plaintiff corporation, and completely segregated new business from old (*Washer* v. *Seager,* 272 App. Div. 297, 303, affd. 297 N. Y. 918). However, this decedent continued to operate the new business out of the same quarters formerly occupied by plaintiff corporation and, concededly, failed to notify customers in contractual, albeit, terminable-at-will, relationships of any change. This conduct justified

the Referee's finding that this decedent breached his fiduciary duty to the corporation — a duty which persisted at least until effective dissolution. The court adopts the Referee's findings as to the amount of damages resulting from this breach of duty, measured by the amount subsequently received by this decedent from the new corporation in payment for his interest in such corporation. Concur — Botein, P. J., Breitel, Valente, McNally and Witmer, JJ.